## JENKINS *v.* JONES *et al.*

A bona fide purchaser for value of a genuine negotiable promissory note, who received the same before maturity and without notice of any defect or defense, is entitled to have a judgment thereon against the makers, although the latter, as against the payee, may have a good defense, unless it be shown that the note was founded on a gaming or immoral and illegal consideration, or there was fraud in the procurement of the note.

Argued June 15, — Decided July 28, 1899.

Complaint. Before Judge Fite. Dade superior court. March term, 1898.

*Shumate & Maddox* and *Jacoway & Jacoway,* for plaintiff.
*B. T. Brock* and *R. J. & J. McCamy,* for defendants.

LITTLE, J. The plaintiff in error instituted an action against G. W. Jones and W. W. Campbell, in the superior court of Dade county, to recover a judgment on an unconditional promissory note. The note was dated December 12, 1893, and payable to J. R. Torryson, or bearer. The defendants pleaded, that the note was given for a sulky plow which was worthless, which fact was known to the payee and the holder, and so knowing they did not communicate such information; that the payee represented, prior to the execution of the note, that he would also furnish a cultivator to go with the plow, which he has failed to do; that they would not have signed the note except for such promise; that the plaintiff is not a bona fide holder of the note without notice and for a valuable consideration, but he knew that the note had been given for the plow; that the payee represented to the defendants, before the execution of the note, that the plow was made of a certain kind of wood, and, because of the paint which covered

the wood at the time they purchased it, they were unable to ascertain the character of the wood of which it was made, but since that time they have discovered that it was made of a different wood than as represented, which greatly detracted from its value. They also pleaded total failure of consideration. On the trial, execution of the note was admitted. The testimony of the defendants tended to show that the plow was bought with the understanding that the payee was to furnish a cultivator to go with the plow by the first of May thereafter. No cultivator has ever been furnished. The makers agreed to pay eight dollars additional for the cultivator when it was delivered. The payee also represented that the hubs of the wheels of the sulky plow were made of locust wood. It was afterwards ascertained that they were made of an inferior wood; and in consequence the hubs decayed, and were of no service. The plow itself was worthless, and not of the kind represented. It was also testified by the attorney of the defendants, that he visited the plaintiff in Tennessee, at the instance of defendants, to make a settlement of the claim. Plaintiff told him that he had purchased this with other notes; that he didn't pay face value for them, but he bought with the expectation that the makers were solvent, and that they would pay the notes; that Sells, who made the contracts for the sale of the plow, was a brother-in-law of the plaintiff; that a number of these plows were sold in the county of the residence of the plaintiff, and that they were worthless.

For the plaintiff, Sells testified. He sold the note sued on, to the plaintiff, before it was due, for the full value of the note, less 10 per cent. So far as witness knows, plaintiff had no knowledge that there were any defenses or objections to the payment of the note. He represented to him that the note was solvent and would be paid at maturity. Sold all the notes he held in Dade county, to the plaintiff. He had seen the plows used, and they gave satisfaction. The plaintiff testified that he purchased the note sued on, from Sells. Paid face value for it, less ten per cent, before it was due; and at the time had never heard nor knew of any defense or objection to the note. At the time he purchased this, he also bought other

notes given by parties in Dade county. The note sued on was bought prior to December, 1894, and before the maturity of the note. He is a brother-in-law of Sells. Plaintiff's attorney testified that he received the note for collection, by express from the plaintiff, some time before maturity of the note. Sells called on witness, and had a conversation with him about selling or discounting the note. Another witness testified that, prior to the maturity of the note, Sells came to Dade county, having possession of the notes, saying that he came back with a view of collecting them.

Complaint is made in the motion for new trial, that the presiding judge admitted in evidence, over the objection of the plaintiff's counsel, testimony of the defendants to the effect that, before the note was signed, witness had a conversation with the payee, in which the latter agreed that he would furnish defendants a cultivator to apply to the sulky plow, which was to be furnished the following spring at the price of eight dollars, and that no cultivator had been furnished. This evidence was clearly inadmissible under the facts in this case. The note sued on, being payable to Torryson or bearer, was negotiable by delivery. Evidence introduced by the plaintiff tended to show that he purchased this note before its maturity, for value and without notice. This may not have been true, but it was incumbent on the defendants to show that it was not true. This they entirely failed to do; and, in the absence of such proof, it was incompetent to show, as against the bearer taking the note before maturity and without notice, that there had been a failure of consideration. If persons will make contracts of this character, and enable the payee to get their obligations in the hands of innocent holders, they must abide their contracts, although they get no value for their promises to pay. It seems from the evidence that the articles they purchased were worthless, and it is doubtless a hardship that they should have to pay for an article of no value; but when they executed the note in the shape they left it, they put it in the power of the payee to discount it and let it go into the hands of an innocent person who paid his money for it on the faith that the makers were solvent and would observe their

contracts. It may be, as we have stated, that there was collusion between the plaintiff and the payee of the note; but under the evidence this is only a conjecture, which does not warrant a finding that the plaintiff was not a bona fide holder for value and without notice. Under these circumstances, a verdict for the defendants can not stand, and the court erred in overruling the motion for new trial.

*Judgment reversed. All the Justices concurring.*