## GALLAGHER, administratrix, *v.* KILEY.

SIMMONS, C. J.   1. Where suit is brought upon a promissory note and the defendant pleads that the note was without consideration, the burden is on the defendant to sustain the plea by showing by a preponderance of evidence the want of consideration.

2. Where suit upon a promissory note is brought against the personal representative of a deceased maker, and the question of the possession of the note during the maker's life becomes material, the plaintiff is not rendered incompetent by anything in the Civil Code, § 5269, as amended by the act of 1900

(Van Epps' Code Supp. § 6200), to testify that after the execution and delivery of the note it was for a time kept in the safe of the maker. This evidence does not relate to any transaction or communication with the maker.

3. Where a witness introduced by the defendant, the personal representative of the maker, testified that the plaintiff had, in a conversation with witness, made admissions relative to certain transactions or communications with the maker, the plaintiff is not incompetent to deny making these admissions and to testify as to the conversation had with the defendant's witness. Such testimony is not evidence of what occurred between the plaintiff and the deceased maker, but of the conversation of plaintiff with the defendant's witness.

4. There was no material error in any of the charges of which complaint was made, and the evidence warranted the verdict.

*Judgment affirmed. All the Justices concurring, except Lewis, J., absent.*

Submitted March 1, — Decided April 29, 1902.

Complaint.     Before Judge Nottingham.     City court of Macon. July 9, 1901.

*Estes & Jones*, for plaintiff in error.
*Hardeman, Davis, Turner & Jones*, contra.