## Taylor, et al. v. Riney, et al.

(Decided December 11, 1913).

### Appeal from Daviess Circuit Court.

Fiscal Courts—Power to Employ Accountant to Examine Books and Records of County Officers.—The fiscal court of a county has authority, under section 1840 of the Kentucky Statutes, to employ an accountant to examine and investigate the books and accounts and records of the various officers, agents and employes of the county who have the control of or who are charged with the collection or expenditure of the funds of the county arising from taxation or any other source.

L. P. TANNER, GEO. W. JOLLY for appellants.

C. M. FINN, County Attorney, R. W. SLACK, MILLER, SAND-IDGE & MALIN, R. A. MILLER and LAVEGA CLEMENTS for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

This suit was brought by the appellant taxpayers against the members of the fiscal court of Daviess County to enjoin them from paying T. A. Pedley, an accountant who had been employed by the fiscal court for the purpose of investigating the affairs of the various county officers. The lower court dismissed the petition and the taxpayers have appealed.

It appears from the petition that several accountants presented bids to do the work, in answer to proposals solicited by the court, and that the price at which some of these bidders offered to do the work was a good deal less than the offer made by Pedley, whose bid was accepted.

If the fiscal court had the right to employ an accountant for the purpose stated, they had the right to exercise a sound discretion in making the employment and to accept the proposal of that bidder who, in their judgment, was best qualified to execute the work in a satisfactory manner, although his bid might be higher than

the bids of other accountants.  Necessarily in matters like this the fiscal court is invested with a large measure of discretion, and under ordinary circumstances this discretion will not be controlled by the courts, as it is to be presumed that the fiscal court will act in the discharge of matters under its care in such a manner as to best conserve the interests of the county.

It is further insisted that no tax had been levied to pay the amount the contract with Pedley called for, and therefore the court was without authority to enter into the contract of employment, as it could not expend in this business money raised by taxation under levies made for other purposes.  But the order of the fiscal court shows that the appropriation necessary to pay Pedley for his work was appropriated out of the "general fund" of the county, which fund, we presume, consists of a surplus left remaining from funds appropri- ated for other purposes after the purposes for which the fund was appropriated had been satisfied.  Whaley v. Com., 110 Ky., 154.

The principal question in the case relates to the power of the fiscal court to make the employment.  We have written in a number of cases that the fiscal court is a court of limited jurisdiction, and is only authorized to do such things as the statute permits or directs it to do.  Woodruff v. Shea, 152 Ky., 657, and cases therein cited.  And so we must look to the statute for the purpose of ascertaining if the fiscal court had authority to employ an accountant for the purpose stated.  In section 1840, defining the jurisdiction of the fiscal court, it is provided, among other things, that it shall have jurisdiction "to regulate and control the fiscal affairs and property of the county," and it seems to us that this right carries with it by necessary implication the authority to examine and investigate the books and accounts and records of the various officers, agents and employes of the county who have the control of or who are charged with the collection or expenditure of the funds of the county arising from taxation or any other source.  It might be deemed wise and expedient by the fiscal court to investigate the affairs of one or more of these officers, agents or employes of the county, and this investigation, of course, the fiscal court could not make without employing some competent person.

The fiscal court is charged by the statute with the duty of looking after the fiscal affairs of the county, and

this puts upon it the responsibility that attaches to any other business body, and if it could not, when the occasion seemed to demand it, have an investigation made of the books and accounts and records of any one or more of the officers, agents or employes of the county who have the control of or right to receive or pay out the funds of the county, the court could not, in any proper manner, perform the duty required of it in the management of the fiscal affairs of the country. There is scarcely a business institution in the State of any magnitude that does not have its books examined by some skilled accountant, and there are many good reasons why the fiscal court should be permitted to exercise this character of supervision over the persons charged with the collection or expenditure of the public funds.

We think the judgment of the lower court was correct, and it is affirmed.