### 7194.  SPILLER-BEALL COMPANY *v.* HIRSCH.

HODGES, J.  1.  A note in form, "We promise to pay," etc., "and, whether maker, indorser, or surety, severally agree to pay all costs of collection," reciting that it is "given under the hand and seal of each party," and signed, on one line, "Spiller-Beall Co. (L. S.)," and directly below, on the next line, "R. J. Spiller, Pres.," is the note of the corporation, and is not the joint note of Spiller-Beall Company and R. J. Spiller.

2.  Testimony of the plaintiff, that when the note "was discounted and he got the money, it was [his] note," was not a mere conclusion of the witness, but a statement of fact.

3.  The plaintiff presented the note to the court as its holder, and the holder of a negotiable note is presumed to be the bona fide owner thereof, and for value; and "unless the defendant negatives one or both of these facts, he is shut off from any defense which he might

have against the payee." *First National Bank of Etowah* v. *Messer*, 136 *Ga.* 226 (71 S. E. 148). "Where the plaintiff sues as the transferee of a note, and then shows in evidence the note with the transfer regularly written thereon, he does not have the burden of proving the execution of the indorsement, unless the defendant has filed a plea of non est factum as to the indorsement." *Gray* v. *Oglesby*, 9 *Ga. App.* 356 (71 S. E. 605).

4. In a suit brought by a holder of a promissory note, where the defendant pleads that the note is without consideration, the burden is on the defendant to sustain the plea. *Gallagher* v. *Kiley*, 115 *Ga.* 420 (41 S. E. 613).

5. Under the evidence it appears that Spiller was the president of the corporation, and his contract evidenced by the note sued upon binds the corporation. *Dobbins* v. *Pyrolusite Manganese Co.*, 75 *Ga.* 450.

6. The note sued on in this case was given under the hand and seal of the party bound. "To render a private writing an instrument under seal, according to the code, it is only necessary that it recite in the body that a seal is used or contemplated, [and] that a scrawl or any other mark intended as a seal be annexed or affixed. A printed L.S. following the signature is a sufficient mark to satisfy the latter requisite." *Stansell* v. *Corley*, 81 *Ga.* 453 (S. E. 868); see also 82 *Ga.* 883, errata; *N. Y. Life Ins. Co.* v. *Rhodes*, 4 *Ga. App.* 25 (4, 5), 28 (60 S. E. 828).

7. The evidence for the plaintiff made out a prima facie case for admitting in evidence the note sued on, and the court did not err in admitting it. Having been properly allowed in evidence, and being an instrument under seal, the defendant could plead, (1) non est factum, (2) gambling, illegal or immoral consideration, or (3) fraud in its procurement. "A bona fide purchaser for value of a genuine negotiable promissory note, who received the same before maturity and without notice of any defect or defense, is entitled to have a judgment thereon against the makers, although the latter, as against the payee, may have a good defense, unless it be shown that the note was founded on a gaming or immoral and illegal consideration, or there was fraud in the procurement of the note." *Jenkins* v. *Jones*, 108 *Ga.* 556 (34 S. E. 149). A plea of non est factum was filed in this case, and the evidence warranted the court in allowing the introduction of the note in evidence, and made out a prima facie case of its execution.

8. A plea of failure of consideration was filed in this case as against the holder of the paper, presumably a bona fide holder and for value. Such a plea can not be sustained as against such a holder unless the evidence shows that the holder had notice of such failure of consideration, or that the facts and circumstances were sufficient to put a reasonably prudent person on guard. While the holder of such a paper may know the nature and character of the consideration, it is essential that the failure of consideration be known to him, or that the facts and circumstances of the case be sufficient to put him, as a reasonably prudent man, upon notice that there was a failure of consideration, and the burden of proof is on the defendant setting up

such a plea. The plea of failure of consideration in this case does not set up that the holder of the paper, at the time of taking it, had notice of any defect or failure of consideration, and it can not be said that the evidence was sufficiently strong to put him upon notice, as a reasonably prudent man, of any such defect or failure of consideration. *Burch* v. *Pope,* 114 *Ga.* 334 (40 S. E. 227). "Where the consideration of a negotiable promissory note was certain services to be performed by the payee to the maker, failure of performance of the services was no defense to an action on the note brought by a purchaser thereof for value and before its maturity, though he knew of the consideration, but not of its failure, when he purchased." *Wilensky* v. *Morrison,* 122 *Ga.* 664 (50 S. E. 472). "To a suit on a note brought by a purchaser who bought before it was due, the maker can not successfully defend unless he shows that the purchaser had notice of some 'defect or defense' at the time he bought, or that the circumstances were sufficient to 'place a prudent man upon his guard.'" *Morrison* v. *Hart,* 122 *Ga.* 660 (50 S. E. 471).

9. While the evidence might have shown that the holder knew what the consideration was, it nowhere shows that he knew that the consideration had failed; and therefore the defendant did not carry the burden placed upon him by the law. "The evidence in this case being sufficient to justify a finding that the plaintiff was . . an innocent purchaser of the note in controversy and that the [officer] of the corporation [who signed the note] had authority to make . . promissory notes in its corporate name, the verdict against the corporation was warranted." *Jacobs' Pharmacy Co.* v. *Southern Banking & Trust Co.,* 97 *Ga.* 573 (25 S. E. 171). Upon the proposition that the note sued upon was made to an officer of the corporation, and that that fact alone was sufficient to put the holder of the note upon guard, in *Kaiser* v. *United States National Bank,* 99 *Ga.* 258 (25 S. E. 620), which counsel for the defendant in error (in view of the somewhat bellicose sound of the title of that case) cites as being "in a legal forum and not upon the field of glory," Chief Justice Simmons said: "The mere fact that the president of that bank negotiated the note for his own personal benefit to a third person, who knew he was such president, would not of itself be notice to that person that this action of the president was unauthorized or improper, nor would this fact be sufficient, without more, to put the third person upon inquiry as to the legality or correctness of the president's conduct in the premises."

10. The bill of exceptions recites: "At this point the jury retired and defendant's counsel, in order to complete the record, offered to prove that when the contract of November 1, 1913, was entered into, whereby Spiller and Beall bought the Benjamin-Ozburn Company, it was agreed that Beall was to contribute $1,000 more to the capital of the partnership than Spiller, and that the $1,000 note was given by R. J. Spiller without authority of the corporation and was given to pay that $1,000 to J. A. Beall, and that the corporation had never sanctioned it. The court declined to admit the proof offered;" to which ruling the

defendant excepted. This assignment is too indefinite and general and will not be considered by this court. "The general rule is, that in order for the exclusion of oral evidence to be considered as a ground for new trial, it must appear that a pertinent question was asked, that the court refused to allow the answer, and that a statement was made to the court at the time, showing what the answer would be; and that such testimony was material and would have benefited the complaining party." *Allen* v. *Kessler*, 120 *Ga.* 319 (47 S. E. 900). The statement contained in the bill of exceptions does not show the nature and character of the evidence, whether documentary or oral; does not give the name of the witness proposed to be called; and is not such an assignment of error under the rule above laid down as would authorize this court to consider the same.

11. The court did not err in directing a verdict for the plaintiff.

*Judgment affirmed.*

DECIDED JULY 19, 1916.

Complaint; from city court of Atlanta—Judge Reid. November 11, 1915.

*Walter McElreath,* for plaintiff in error.

*Moore & Pomeroy,* contra.