## Catlettsburg & Buchannan Telephone Co. v. Bond.

(Decided Jan. 14, 1936.)

MARTIN & SMITH for appellant.

WOODS, STEWART & NICKELL for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Affirming.

The appellant, a domestic corporation, owns and operates a rural telephone line. At the time involved,

it had no board of directors. Its subscribers are its stockholders, of which the appellee, Dr. Charles F. Bond, is one. On September 8, 1925, he loaned $1,000 of the company's money secured by a second mortgage on real estate. At that time the security was ample, but when the first mortgagee foreclosed in 1928, the property yielded but an inconsequential sum over its debt and the court costs. Thereupon this suit was brought by the company against Dr. Bond and George Bowling, its treasurer, to recover the amount of them upon the ground that the lending of the money was unauthorized. The suit was dismissed as to Bowling. Dr. Bond defended upon the ground that his action was authorized and ratified. He also pleaded the election to pursue the security and the debtor in estoppel. The court gave a peremptory instruction for him and the appeal is from the judgment entered accordingly.

The stockholders held annual meetings and minutes were kept of their proceedings. Dr. Bond had previously loaned $500 for the company, which proved to be all right. There is some evidence that the matter of lending this money was discussed at one of the meetings in order that it might be preserved with interest for rebuilding the property when necessary. No formal action, however, was taken by the stockholders. We think it apparent that at different times it was agreed to by a number of the stockholders individually, although it appears that after the loan had been made some of the stockholders disapproved. A year's interest, $60, was collected in advance and this was deposited to the credit of the company. The assistant secretary, who kept the minutes of the stockholders meetings, was advised shortly thereafter and made a note of the transaction on the company's book. It appears that the minutes were read at the subsequent stockholders meeting, and the inference is that they included this item. At the meeting held in February, 1927, a minute was made that no interest had been received on this loan for the past year and that the matter should be looked into. In the suit filed by the first mortgagee, the company set up its debt and lien and obtained judgment therefor. Bowling and Bond were present at the sale, as they say, to protect the company's interest. Bowling bought the property and Bond signed his bond for the purchase price. He has continued to hold it, but no claim was asserted by the company that he was

doing so as trustee for the company. Indeed, the company denied Bond's pleading that Bowling so held the property.

There can be no doubt that a corporation is bound by an act of its officer or agent, although it was not within the scope of his authority, if it ratifies his act by acquiescence or appropriation and reception of its benefits. Enterprise Foundry & Machine Works v. Miners' Elkhorn Coal Co., 241 Ky. 779, 45 S. W. (2d) 470; Paducah Newspapers v. Goodman, 251 Ky. 754, 65 S. W. (2d) 990. It is not always essential that corporate action be in pursuance of a formal resolution, for a corporation may be bound by implication, and a ratification, however made, relates back and is equivalent to a prior authority. 7 R. C. L. 539, 662. Whether or not there has been a ratification of an unauthorized act of an agent where there was no formal approval by the directors or stockholders and whether individual acquiescence of stockholders or directors, or a failure of the corporation to disaffirm, will amount to ratification or approval, depends on the facts of each case. As stated in Elk Valley Coal Co. v. Thompson, 150 Ky. 614, 150 S. W. 817, 822:

> "Where the unauthorized act is beneficial to the corporation, and the directors have individual knowledge of it, slight evidence will be sufficient to establish ratification by acquiescence or failure to repudiate, and this upon the theory that a party who accepts benefits will be deemed to have done so with a knowledge of the conditions and circumstances surrounding the transaction out of which the act creating the benefit arose, and must take the burdens with the benefits. But where the corporation does not derive any benefit from an unauthorized act, or when it is doubtful if it has derived benefit, and no third party or innocent party has suffered a loss, evidence of ratification by mere individual acquiescence or failure to repudiate must be clearly shown, and this upon the ground that a party is not to be bound by an act that he did not authorize when he has received no benefits from it, and when the other party or an innocent party has not suffered any loss."

We construe the evidence as showing knowledge on the part of the corporation that the defendant loaned

the money. Its treasurer participated in the transaction. The company received the interest and formally authorized steps to be taken to collect that subsequently accruing. It sued on its claim and lien two and a half years later. It was not until that suit came to naught that the act of the defendant was questioned, which was some five years after the transaction. We think there was a ratification by the company. See Detroit Fidelity & Surety Co. v. Gilliam, 237 Ky. 425, 34 S. W. (2d) 971; Wilson v. Louisville Trust Co., 242 Ky. 432, 46 S. W. (2d) 767; Anglo-American Mill Co. v. Kentucky Bank & Trust Co., 243 Ky. 124, 47 S. W. (2d) 951; City of Whitesburg v. Whitesburg Water Co., 257 Ky. 444, 78 S. W. (2d) 330.

Wherefore, the judgment is affirmed.