## 25245.   THE BLACK WALNUTS *v.* FIRST NATIONAL BANK OF ATLANTA.

DECIDED APRIL 30, 1936.

*Bynum & Frankum,* for plaintiff in error.

*Brandon, Hynds & Tindall, Hamilton Kimzey,* contra.

GUERRY, J.   The First National Bank of Atlanta brought suit against The Black Walnuts, a corporation, and Oscar Dooly, on a promissory note executed as follows: "Given under the hand and seal of each party. The Black Walnuts [Seal], Oscar E. Dooly, Pt. [Seal]." The note was indorsed on the back as follows: "Oscar E. Dooly." In the petition it is alleged that the note was signed "The Black Walnuts [Seal] by Oscar E. Dooly,

Pres." The defendant corporation filed a plea of non est factum, that the note was not signed by any one authorized so to sign and that it received no part of the consideration of the note. The evidence disclosed that The Black Walnuts was a corporation, and that Oscar Dooly and his wife owned its entire stock; that Oscar Dooly was president and his wife vice-president and a director; that the note sued on was a renewal of other obligations of a like kind given to the bank; that each note given was signed the same way as the note in this case; and that all of them were given for borrowed money. The money was deposited in the bank to the credit of The Black Walnuts, and drawn out by checks signed by The Black Walnuts, most of the checks being signed by Oscar E. Dooly. The bank had written authority, signed by Oscar Dooly and his wife, for either Oscar E. Dooly or Mrs. M. P. Dooly to sign checks on the bank for The Black Walnuts incorporated. Dooly testified that the entire transaction was his individual obligation, and that the corporation as a corporation never did authorize any one else to borrow money for it. The "Black Walnuts never engaged in any type or class of business. Every item was in payment of some personal account of mine or some account of Mrs. Dooly's that I was responsible for." "The Black Walnuts is merely a name for a piece of property we live on." At the time of the making of the loans, The Black Walnuts furnished a statement to the bank of its liabilities and assets.

Where the signature of a corporation is attached to a note along with its corporate seal, and the name of its president is immediately under that of the corporation, and the president indorses the note individually, such signature imports that of the corporation by its president although the word "by" is omitted. *Spiller-Beall Company* v. *Hirsch,* 18 *Ga. App.* 450 (89 S. E. 587). The note so identified was properly admitted in evidence. "When the plaintiff showed that the note was executed as alleged in the petition and as appears from the note, and showed that the person signing the name of the defendant by him as its president was the president of the defendant at the time the note was signed, in active charge of the management of its affairs, this authorized it to be admitted in evidence." *Farmers &c. Bank* v. *Stovall Investment Co.,* 50 *Ga. App.* 277, 280 (177 S. E. 882). It is true that the president of a corporation has no binding, general authority by

reason of his office alone to borrow money in the name of a corporation and bind it by a note evidencing the loan, signed by him in the name of the corporation, where the corporation does not receive the benefits or proceeds of the loan, and there is no question of fraud, ratification, or estoppel. In the present case it appears by competent evidence that the defendant corporation went to the plaintiff bank to borrow money; that it made a statement of its liabilities and assets; that its president negotiated the loan; that the notes evidencing the loans were signed by the proper officer, and the money so borrowed was put to its account in the bank and was drawn out by checks signed by persons authorized to sign the same under written authority of the corporation; that the president of this corporation and his wife were the sole stockholders in the corporation and were the only officers in the corporation, and, by the testimony of the husband, the money drawn out was used by him and his wife. The corporation itself was a "figurehead" to hold the title to certain land owned by them jointly. We can not well see how any judgment other than that rendered could have been legally rendered in this case.

Complaint is made that the court refused a request to charge the jury as follows: "On the question of ratification I charge you that an instrument executed as a sealed instrument can not be ratified except by a written instrument of ratification and under seal, and ratification can not be by words or conduct." In support of this request *Nailor* v. *Bank of Menlo*, 34 *Ga. App.* 347 (129 S. E. 301), is cited. In that case a husband signed a note under seal, signing his wife's name by him as agent. The court said: "Assuming that the evidence tended to show that the defendant might have been held liable upon such other notes [the note sued being given in renewal of other notes], there being no evidence that her husband had been authorized by her under seal to bind her to a sealed instrument, and none to the effect that she had ever ratified the execution of the sealed note sued upon by a writing itself under seal, and nothing appearing by which she could be estopped, the judgment in plaintiff's favor . . was unauthorized." This ruling is not applicable as to the acts of a corporation acting through its regular officers. The Code of 1933, § 22-712, provides: "Every corporation acts through its officers, and is responsible for the acts of such officers in the sphere

of their appropriate duties; and no corporation shall be relieved of its liability to third persons for the acts of its officers by reason of any by-law or other limitation upon the power of such officer not known to such third person." In *Baker* v. *Lowe Electric Co.,* 47 *Ga. App.* 259 (5) (170 S. E. 337), it was said: "Under the rule adopted in this State, the president of a corporation is presumed to be its alter ego. That is to say, while not ipso facto clothed with autocratic powers as to the making of contracts, he is nevertheless its chief executive officer and agent, and, without any special delegation of authority, is presumed to have power to act for it in matters within the scope of its ordinary business." While we recognize that it has been held in *Farmers &c. Bank* v. *Stovall Co.,* supra, that a president of a corporation has no general authority by reason of his office alone to borrow money in the name of the corporation, and thus bind it by a note evidencing the same, yet where the corporation receives the benefit of the proceeds of the note, as was clearly shown in this case, the principle stated in the request for charge was inapplicable. The remaining assignments of error are without merit. The court did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*