## 32519. MORGAN'S INC. *v.* MONS.

DECIDED JULY 2, 1949.

*W. C. Hawkins, Bouhan, Lawrence & Williams,* for plaintiff.
*L. P. Mons,* in propria persona.

SUTTON, C. J. Morgan's Incorporated sued L. P. Mons in the City Court of Millen on a note for $2100, plus accrued interest and attorney fees. The jury returned a verdict for the defendant, judgment was rendered accordingly, and the plaintiff excepted to the overruling of a motion for a new trial. The case is here on the general grounds of the motion.

The plaintiff introduced the note in evidence and rested. The note is dated October 2, 1942, and contains an unconditional promise to pay, for value received, $2100, on December 1, 1942, with interest at the rate of 7% per annum from maturity, and, if not paid, all costs of collection, including 15% attorney fees. It contains the usual waiver of homestead, is under seal, and is signed by L. P. Mons. The defendant, who conducted his own defense, admitted the execution and delivery of the note, and assumed the burden of proof. After some discussion with the trial judge as to the effect of his answer and the contentions he was making, the defendant agreed to a statement by the trial judge to the effect that his sole contention was that the note was executed and delivered to the plaintiff in consideration of the plaintiff releasing the Glens Falls Indemnity Company on a certain bond, and that this was never done. This issue, in substance, is made by paragraph 4 of the defendant's answer. The evidence indicates that the defendant was engaged in construction work and had secured certain materials from the plaintiff on open account, and would be unable to secure a bond for another project until he secured a release on the bond. C. L. Womack testified that he was an employee of the defendant and that at one time he heard a discussion about the bond, "and Mr. Mons and Mr. Morgan were arguing something about wanting the bond released so that Mr. Mons could get a new bond and get his money out and offered a note to settle it, and Mr. Mons said at the time he knew it was wrong but that he would sign the note to get the money out for the Statesboro job." This witness also testified that "Mr. Mons was asking Morgan's Incorporated to relieve him of the bond and get matters straight,

to get the account straight, there being a difference between them as to the account." The defendant introduced a telegram in evidence, which is as follows: "L. P. Mons Care Morgan's Inc. 11 West Broad St., Savannah, Ga. Have Morgan wire us confirming telephone conversation. Contact Harrison in Millen. Atlanta Office Seibels Bruce & Co., Mgrs." At this point the defendant rested. C. R. Spivey was sworn as a witness for the plaintiff, and testified that he was employed by Morgan's Incorporated at the time L. P. Mons signed the note; that he saw him sign the note; that the two sheets shown him (which were later introduced in evidence) were from the books of Morgan's Incorporated and indicated a balance due by L. P. Mons of $2100, representing purchases at different times from August 18, 1941, to April 20, 1942; that on the day Mons signed the note there was a question raised by him about his being overcharged on his account; that G. P. Morgan promised to telephone the bonding company if Mr. Mons would sign the note, but that he did not promise a release; that the call was to assist Mr. Mons in getting a bond for another project, and was made after Mons signed the note. Sam Morgan, Secretary and Treasurer of Morgan's Incorporated, testified that his brother called Mr. Bruce over the telephone and told him that Mr. Mons had given a note, and that he would appreciate letting Mr. Mons have another bond; that Morgan's was not willing to release the bonding company, as the bonding company was the last resort in collecting the money, and that the reason Morgan's sold to Mons in the first place was because he was bonded. The plaintiff then rested, and L. P. Mons returned to the witness stand in rebuttal. His testimony indicates that Sam Morgan was not present when the telephone call was made and when the note was signed; that he had never seen Mr. Spivey in Morgan's Incorporated; that he signed the note freely and voluntarily, but that when he signed the note he contended he did not owe Morgan's Incorporated anything, but signed in an effort to get another bond, and that Morgan's never did release the bond. He also identified an itemized statement sent to him by the plaintiff as being the amount due as claimed by the plaintiff at the time he signed the note.

"Every negotiable instrument is deemed prima facie to have

been issued for a valuable consideration, and every person whose signature appears thereon to have become a party thereto for value." Code, § 14-301. "Value is any consideration sufficient to support a simple contract. An antecedent or pre-existing debt constitutes value, and is deemed such whether the instrument is payable on demand or at a future time." § 14-302. "Absence or failure of consideration is matter of defense as against any person not a holder in due course, and partial failure of consideration is a defense pro tanto, whether the failure is an ascertained and liquidated amount or otherwise." § 14-305. The above Code sections are a part of the Negotiable Instruments Law, and prior to the passage of this law in this State it had been held by the courts that the burden of proof by a preponderance of the evidence was on the defendant to show an absence or a failure of consideration, that is, the ultimate burden of proof, and not merely the burden of producing evidence. "Where suit is brought upon a promissory note and the defendant pleads that the note was without consideration, the burden is on the defendant to sustain the plea by showing by a preponderance of evidence the want of consideration." *Gallagher* v. *Kiley,* 115 *Ga.* 420 (1) (41 S. E. 613). "Where, to a suit on a note, the defendant admits the due execution of the note and pleads total failure of consideration, the burden is upon him to establish that plea." *DeLay* v. *Galt,* 141 *Ga.* 406 (81 S. E. 195). As to the burden of proof being on the defendant, the rule has been applied to cases involving an absence of consideration and to cases involving a failure of consideration, without distinction. In addition to the cases cited supra, see *Webb* v. *Simmons,* 3 *Ga. App.* 639 (2) (60 S. E. 334) ; *Spiller-Beall Co.* v. *Hirsch,* 18 *Ga. App.* 450 (4, 8) (89 S. E. 587) ; *Copeland* v. *McClelland,* 12 *Ga. App.* 785, 789 (3) (78 S. E. 479). See, also, 35 A. L. R. 1370, at 1387, 1395, and 65 A. L. R. 904, at 907. We think the rulings in the above cases are still applicable since the passage of the Negotiable Instruments Law. "Where a claim is disputed, and is settled and adjusted by the parties, and a contract is accordingly made whereby one promises to pay to the other a sum of money, the promisor is bound thereby, though such question be really free from doubt, and properly resolved would have absolved him from all liability." *Folds* v. *Folds,* 187 *Ga.* 463, 466 (1 S. E. 2d, 4) ; *Hall* v. *Beavers,* 78 *Ga. App.* 722 (51 S. E. 2d, 879), and citations.

Properly construed, the defendant's plea was that of a total failure of consideration, and the case appears to have been tried on this theory. The testimony of the defendant, that of C. L. Womack, his only additional witness, and the testimony of the witnesses for the plaintiff, show that the note was given in settlement of a dispute over an account. It is true that the defendant contended and testified that the note was given in consideration of a promise by the plaintiff to release a certain bond, but it clearly appears that this was in addition to the consideration of settling the account, and even if the jury should believe that the plaintiff promised to release the bond, this would not show a total failure of consideration, but only a pro tanto failure of consideration, and a pro tanto failure of consideration would not authorize a verdict for the defendant. Under the evidence, a verdict for the plaintiff was demanded. Accordingly, the trial judge erred in overruling the plaintiff's motion for a new trial.

*Judgment reversed. Felton and Worrill, JJ., concur.*