213 P.2d 433

**SPAIN MANAGEMENT CO. (TURNER, Intervenor) v. PACKS' AUTO SALES, Inc., et al.**

**No. 5196.**

Supreme Court of New Mexico.

Jan. 3, 1950.

Reese & Reese, Roswell, for appellants.

Harry L. Bigbee, Santa Fe, Frazier, Quantius & Cusack, Roswell, for plaintiff-appellee.

Donald Brown, Roswell, for intervenor-appellee.

McGHEE, Justice.

The plaintiff filed five cases against the defendants in the District Court of Chaves County numbered 14336, 14337, 14338, 14339 and 14340, seeking to foreclose chattel mortgages given on automobiles to secure promissory notes, and for a deficiency judgment in the event the cars failed to bring enough to satisfy the various sums found due. The individual defendants disclaimed and no judgment was rendered against them except in District Court case No. 14336 where judgment was also rendered against D. A. Pack on the claim of the intervenor. An answer disclaiming liability on various grounds and a cross complaint was filed by the defendant corporation in each case, and when the cases were called for trial they were consolidated for trial purposes only. Requested findings of fact and conclusions of law were filed by the plaintiff and defendant in each case and separate decisions and judgments were filed and separate appeals taken.

Instead of having a separate transcript made for each case and docketing each here they were all included in one transcript and docketed here as one appeal under the style and number as set out in the caption, which was case 14336 below.

The appellant corporation, hereafter called the defendant, covers the five cases in its statement of the case, and thereafter makes a separate statement of the facts for each case, and made separate assignments of error, points and arguments, except some are stated to be common to all cases.

The appellee, hereafter called the plaintiff, says that but one appeal has been perfected and that in district court case 14336, and that therefore all appeals should be disregarded, but that in any event we only have district court case No. 14,336 before us. This question is not one of first impression in this court. The same question was presented in Clark v. Queen Insurance Company, 22 N.M. 368, 163 P. 371, 372, where there was an almost identical order of consolidation for trial but separate judgments were rendered and appeals taken and then docketed here as one case.

This court, speaking through former Justice Parker stated: "The question then arises as to whether the eleven separate judgments can be reviewed in the one appeal. That it cannot be done where the consolidation in the trial court was limited to the trial of those cases is established beyond doubt. In Mobile Imp. & Building Co. v. Stein, reported in 17 Ann.Cas. 288, et seq. (158 Ala. 113, 48 South. 368), six separate cases, by agreement, were consolidated for trial. Six separate verdicts and judgments were rendered and one appeal perfected to review those several judgments. The court, citing authority, held that the judgments in the six separate

causes could not be reviewed on one transcript where such causes had been consolidated in the trial court for trial purposes only."

In the Queen case this court affirmed ten of the judgments on skeleton transcripts and reviewed the one district court case against which the appellees had not moved. In the Alabama case cited in the Queen case that court declined to consider any of the appeals. Some courts have followed the Alabama court and declined to consider even the one case docketed while others have considered the one appeal in the case actually docketed.

We will only consider the appeal in district court case No. 14,336.

The present appeal demonstrates the wisdom of the rule announced in the Alabama case. In the five cases we have 175 assignments of error, plus 22 assignments common to all, and much of the defendant's 108 page brief is taken up with a discussion of all of the cases, and it is all more or less intermingled, making it very difficult to properly examine and pass upon the one district court case we have decided to consider.

Although in this case the plaintiff asked for the foreclosure of a chattel mortgage on a number of cars, at the time of the trial the defendant had paid all of the notes secured by the mortgage except the one representing the loan on the car belonging to the intervenor. The intervenor had left his car and the registration certificate thereon with the defendant and its agent D. A. Pack for sale on commission. He had also signed a blank bill of sale and left it with the above named defendants with authority to fill in the blanks in the bill of sale when the car was sold. Within a few days thereafter the defendant, acting through its agent D. A. Pack, filled out the blanks in the bill of sale to the defendant as grantee and borrowed $1,131.43 additional from the plaintiff and gave it a mortgage on the intervenor's car. It was clearly established by the evidence that the car had been mortgaged to the plaintiff without authority, so judgment was rendered in favor of the intervenor adjudging him to be the owner of the car, and he was awarded $100 as actual damages and $1,000 as punitive damages. The payment of the other notes secured by the mortgage and the decision in favor of the intervenor took the mortgage out of the case, and a money judgment was rendered against the defendant corporation for the amount of the loan on the intervenor's car, plus attorneys fees.

This leaves for our consideration the money judgment in favor of the plaintiff and intervenor, and the matters raised by the cross complaint.

The defendant pleaded many defenses to the action on the note and mortgage,

among which was the claim that the note for which judgment was rendered had been signed in blank by D. A. Pack prior to its incorporation, that its name was typewritten on the note by the plaintiff's representatives, or rather its manager of the State Finance Company, a claimed legal nonentity, that it had never authorized Pack to sign the note and that it was filled out and signed without its authority.

█ The defendant received the money of the plaintiff on the security of a car which it did not own. It does not attempt to show that the findings of the trial court in this respect are not supported by substantial evidence, and having received the benefits it is estopped to question the authority of its agent to execute the note and mortgage and bind it. Minnesota Mutual Life Insurance Co. v. Manthei, Mo. App., 189 S.W.2d 144; Federal Mining & Engineering Co., Ltd., v. Pollak, 59 Nev. 145, 85 P.2d 1008; The Black Walnuts v. First National Bank of Atlanta, 53 Ga. App. 316, 185 S.E. 726; Catlettsburg & Buchannan Telephone Co. v. Bond, 262 Ky. 106, 89 S.W.2d 859; Webb v. Duvall, 177 Md. 592, 11 A.2d 446; Blumberg v. Broad Street Trust Co., 329 Pa. 471, 198 A. 27, and Southwest Gas Company v. Doney, Tex.Civ. App., 99 S.W.2d 1107.

█ In addition, the defendant's secretary had delivered to the plaintiff what purported to be a certified copy of a reso- lution of its Board of Directors authorizing its president, D. A. Pack, to execute notes and mortgages in its behalf, and the trial court found on substantial evidence that the defendant had authorized Pack to borrow money from the plaintiff on its behalf and sign notes and chattel mortgages to it in its name, and also that it had ratified the acts of Pack.

The defendant was bound by the action of Pack in its behalf.

The plaintiff was doing business at Roswell, New Mexico, under the trade name of "State Finance Company," and the notes and mortgage in this case were made out to "State Finance Company." The defendant asserts such action rendered the transaction void, and that therefore the plaintiff in this case can not maintain this action, especially in view of the fact that the license for the small loan business which the defendant operated was issued to a fictitious entity, that is, the State Finance Company.

█ It is stated by the annotator in 56 A.L.R. 451; "It seems to be universally recognized that a corporation may do business under an assumed name, or under a náme differing from its true corporate name."

This statement is supported by the following authorities: 13 Am.Jur. p. 270; 6 Fletcher Cyc. Corporations, p. 88, sec.

2442; Guess v. Russell Brothers Clothing Co., Mo. App., 231 S.W. 1015; Colorado Milling & Elevator Co. v. Proctor, 58 Idaho 578, 76 P.2d 438; Meredith v. Universal Plumbing and Construction Co., 272 Ky. 283, 114 S.W.2d 94; Blanchard v. Stone's, Inc., 304 Mass. 634, 24 N.E.2d 688; Staples Coal Co. v. City Fuel Co., 316 Mass. 503, 55 N.E.2d 934, and Long v. Carolina Baking Co., 190 S.C. 367, 3 S.E.2d 46.

■■ It is claimed that the plaintiff was engaged in the small loan business and as the loans involved in this case each exceeded the sum of $500 they were all void and the plaintiff is barred from maintaining an action on them under the Small Loan Act, Ch. 174, L. 1947, Secs. 50-1620 to 50-1645, 1941 Comp. Supp. It also sought judgment for usurious interest claimed to have been exacted from it. It is true that the plaintiff was a licensed small loan operator under the trade name of State Finance Company, but this did not preclude it from making loans for more than $500, provided it did not charge more interest than 10% per annum. The trial court found upon substantial evidence that the interest rate on the loans was ¾ of 1% per month and the defendant has not convinced us that this finding was erroneous. The loans were made under a floor plan mortgage. Subsection (b) of Sec. 50-1622, supra, provides: "Nor shall this act apply to any business transacted by any such person under the authority of and as permitted by any such law * * * nor to bona fide commerical loans made to dealers upon personal property held for resale."

As heretofore stated, the defendant was operating a used car business and the loans were made on cars which it held for resale. The defendant failed to establish its defense of violations of the small loan act and of usury.

The defendant took negotiable paper for a considerable part of the purchase price of cars which it sold and then endorsed and sold such paper to the plaintiff. Money owing on the paper so purchased had reached a considerable sum, and as a condition of its continuing to buy such paper the plaintiff required the defendant to deposit with it 5% of its future sales until the sum of $2500 was accumulated as a reserve or guaranty fund that such sums would be paid, and it was provided that the plaintiff would retain such sums until all paper purchased by it had been paid or liquidated. In its cross complaint the defendant asked that it have judgment for this amount, claiming that the sum represented usury exacted by the plaintiff.

The trial court refused the requested findings of fact and conclusions of law submitted by the defendant in support of such claim, and found: "That the defendant and cross complainant failed to prove the allegations of its cross complaint."

At the time of the trial there were numerous notes outstanding which had been endorsed by the defendant, and the record amply sustains the refusal of the trial court to allow judgment for this money. When all of the notes endorsed by the defendant have been liquidated, it will of course be entitled to an accounting of this fund.

We believe that what has been said disposes of the questions which, under a liberal interpretation of our rules, we may review. The findings of fact made by the trial court support the judgment against the defendant on the complaint and cross complaint, and as the defendant has not shown that there is not substantial evidence in the record to support them, they will not be disturbed.

The defendant assigned error based on the conclusion of the trial court that the intervenor was entitled to punitive damages in the sum of $1,000, but as such assignment or claimed error is not thereafter mentioned in the brief in chief it will not be considered. Robinson v. Mittry Bros., 43 N.M. 357, 94 P.2d 99.

The judgment in favor of the plaintiff and intervenor will be affirmed, and it is so ordered.

BRICE, C. J., and LUJAN, SADLER and COMPTON, JJ., concur.