33500. MONS *v.* MORGAN'S INCORPORATED.

DECIDED MAY 4, 1951.

*L. P. Strickland, Price & Spivey,* for plaintiff in error.

*W. C. Hawkins,* contra.

SUTTON, C.J. This was a suit by Morgan's Inc. against L. P. Mons on a promissory note for $2100 principal, plus interest and attorney's fees, the note being dated October 2, 1942, and due December 1, 1942. The defendant pleaded failure of consideration. The plaintiff introduced the note in evidence. The defendant admitted the execution and delivery of the note and admitted a prima facie case and assumed the burden of proof. After the introduction of evidence by both sides, the trial judge directed a verdict for the plaintiff. The defendant made a mo-

tion for a new trial, which was overruled, and he brought the case to this court, assigning error on the general grounds and on the direction of a verdict.

This is the second appearance of this case in this court. *Morgan's Inc.* v. *Mons*, 79 *Ga. App.* 525 (54 S. E. 2d, 498). It was held when the case was here before that a verdict was demanded in favor of the plaintiff. The evidence in the present record is substantially the same as it was on the former trial; in fact, it is probably stronger for the plaintiff than it was then.

Briefly, the defendant was engaged in drilling wells for the United States Government, and he was required to give a bond to guarantee the payment for labor and materials used in doing this work. He had a contract to drill wells at Hazlehurst, Georgia, and obtained a bond for that project from Glens Falls Indemnity Company through its agents, Seibels-Bruce & Company of Atlanta, and he was furnished certain materials for this work by the plaintiff, Morgan's Inc. He made application for another job at Statesboro, but, before he could obtain a bond for that contract, was informed by a letter from the agents of the surety company that he would have to clear or settle his account with Morgan's Inc. for materials furnished on the former job, payment for the same having been guaranteed by the previous bond. The defendant then went to Savannah to see the plaintiff about this matter, and it appears from the evidence that the plaintiff was contending that the defendant owed it $2235.49 on account at that time. This was disputed by the defendant, and the defendant conferred with G. P. Morgan, president of the plaintiff company, who gave the defendant credit for one item of $60.18 and another of $75.31, making total credits of $135.49, which left a balance then due of $2100, as contended by the plaintiff. There was some controversy between these parties as to the account, which the plaintiff contended the defendant owed it, but the defendant executed the note sued on and turned it over to the plaintiff. He testified to the effect that he did not owe the plaintiff anything at that time, and that the note was given so that he could get a release on the surety bond above referred to, which would enable him to get a bond for his contract for the project at Statesboro. G. P. Morgan, president of Morgan's Inc., and C. R. Spivey, auditor for this company, who was

present when the note was signed, both testified that the balance due on the account by the defendant to the plaintiff was $2100 at the time he executed the note for this amount. The note is dated October 2, 1942, and the defendant wrote the plaintiff a letter on December 7, 1942, and another one on January 11, 1943, acknowledging that he owed the plaintiff and would pay just as soon as he could. His explanation of these letters in his testimony is to the effect that he was just easing along with the plaintiff to keep them from hurting him with the bonding company, and that he was just easing along with them when he signed the note and did not intend to pay it when he signed it.

The law applicable to and controlling in this case is set out and cited in the former decision of the case (79 *Ga. App.* 525, supra), but for convenience some of these principles will be repeated. "Where suit is brought upon a promissory note and' the defendant pleads that the note was without consideration, the burden is on the defendant to sustain the plea by showing by a preponderance of evidence the want of consideration." *Gallagher* v. *Kiley*, 115 *Ga.* 420 (1) (41 S. E. 613). "Where a claim is disputed, and is settled and adjusted by the parties, and a contract is accordingly made whereby one promises to pay to the other a sum of money, the promisor is bound thereby, though such question be really free from doubt, and properly resolved would have absolved him from all liability." *Folds* v. *Folds*, 187 *Ga.* 463, 466 (1 S. E. 2d, 4).

The evidence in this case shows that the note sued on was given to cover an account which the plaintiff contended the defendant owed and which was disputed by the defendant. In these circumstances, the note is binding on the defendant. After a careful consideration of the evidence in this case, we are of the opinion, and so hold, that a verdict was demanded for the plaintiff, and the trial judge did not err in so directing.

*Judgment affirmed. Worrill, J., concurs. Felton, J., concurs specially.*

FELTON, J., concurring specially. I concur in the judgment for the sole reason that the plaintiff in error's testimony on the former trial was substantially the same as it was on the trial under review. The ruling of this court on the former appeal necessarily meant only one thing and that was that the plaintiff in

error's testimony showed conclusively that the note was given to settle a disputed account as well as for the release of the bond. Counsel for the plaintiff in error earnestly insist that the plaintiff in error admitted on the former trial that the note was also given to settle a disputed account and in the last trial denied it; but, as I read the record, he denied signing the note to settle a disputed account on the former trial and on the last trial and I can see no material difference in the testimony. Since this is true, the former ruling, whether right or wrong, is the law of this case, and is controlling.