Murl J. HANDY et al., Appellants,

v.

WARREN COUNTY FISCAL COURT
et al., Appellees.

Court of Appeals of Kentucky.

Aug. 25, 1978.

Ordered Published Sept. 8, 1978.

Charles R. Isenberg, Thomas G. Jarrell, Segal, Isenberg, Sales, Stewart & Nutt, Louisville, for appellants.

Henry J. Potter, County Atty., Charles E. English, Bowling Green, Claude O. Ramer, II, Nashville, Tenn., for appellees.

Before COOPER, HOGGE and PARK, JJ.

COOPER, Judge.

This is an appeal from a final order of the Warren Circuit Court which, in pertinent part, dismissed appellants' (plaintiffs below) complaint.

Appellants, who are union members and representatives, sought to have a hospital construction contract, awarded by certain appellees to Joe M. Rogers and Associates, Inc. (all appellees were defendants below), declared void and to enjoin payment of any monies to Joe M. Rogers and Associates, Inc. in connection with construction of the public hospital in Warren County.

Appellants grounded their claim for relief on the provisions contained in KRS 424.260. They claim that appellees, Warren County Fiscal Court and Bowling Green-Warren County Community Hospital Corporation, are subject to this statute and violated its provisions by failing to award the hospital construction contract to the lowest and best bidder.

In its opinion and order, the circuit court did not agree with appellants' interpretation of KRS 424.260. The court noted that the statute did not refer to the lowest and best bid, nor did it set out any criteria to guide the hospital corporation in the acceptance of a particular bid.

The lower court rejected appellants' argument that the case law interpreting KRS 424.260 set the standard for actionability under that provision as a mere allegation

that the lowest and best bid was not accepted. The court cited *A & W Equipment Co., Inc. v. Carroll*, Ky., 377 S.W.2d 895 (1964), as supporting the view, loosely quoted, as follows: That it is assumed when a governmental agency awards a contract to one other than the lowest bidder, that the award of contract is still to the best bidder, and the burden is on one who challenges the bid to show not just that the award was not, in fact, to the lowest and best bidder, but that there was an abuse of discretion on the agency's part amounting to fraud, arbitrariness or capriciousness in awarding the contract.

In this appeal we are being asked to decide whether the lower court's interpretation of the statutory and pertinent case law and legal conclusion based thereon concerning the threshold of actionability under KRS 424.260 is manifest legal error.

■ At first blush it would seem that the lower court's opinion opens the door to all sorts of mischief by public agencies empowered to contract. But in discussing this matter, we recognize first and foremost that the regulation of bid acceptance and other related matters is essentially a legislative concern. Absent statutory control, public agencies would have the same generally unfettered discretion in awarding contracts as is held by private entities. Conceivably, they might be exposed to liability on some sort of hybrid derivative theory, but that possibility is of no concern to us here as we are solely confronted with a matter of statutory interpretation.

Lastly, in preface, we take notice, as we are certain did the Legislature, that the vast majority of public officeholders and appointed public board members are honest and diligent individuals who conscientiously attempt to fulfill the duties of their position. They are not a suspect class of any kind, so we feel no need to read into the statutes and regulations governing their official conduct anything more than the plain language requires. In reaching our determination we will, of course, be guided by any relevant case decisions.

Possessed of the foregoing perspective we have carefully reviewed the holding of the circuit court and find it to be an essentially correct interpretation of the governing law. In pertinent part, KRS 424.260 requires that contracts in excess of $2,500 must be advertised for bids. It contains no language that the lowest and best bidder, or for that matter any bidder, must be awarded the contract.

Appellants cite *Fosson v. Fiscal Court of Boyd County*, Ky., 369 S.W.2d 108 (1963), in support of their position, but at page 109 of that opinion the court stated:

> The trial court ruled that the power to accept or reject the bid was in the fiscal court, and that the trial court could not interfere in the matter except in cases of fraud or collusion, which were not alleged in this case. This holding is sustained by the case law of this jurisdiction. (citations omitted)

Earlier at page 109, the court had mentioned, but rejected in passing, a claim of arbitrary and capricious conduct on the part of the defendant fiscal court. No conduct of the type mentioned and discussed in *Fosson* is charged in this action.

We read *Fosson* as entirely consistent with *Carroll, supra,* and, in conjunction, both opinions support the opinion of the lower court. This record is devoid of any charge that defendants acted fraudulently, collusively, arbitrarily, capriciously or in abuse of discretion. Because of this, and based on the above cases, we think the decision of the lower court was proper.

■ No appellate opinion or other authority cited in the appellants' brief can properly be said to stand for the proposition that KRS 424.260 requires fiscal courts of counties or their agents to award contracts to the lowest and best bidder. The appellants contend that if there is no such requirement which can be "read" into the statute that the statute then becomes totally meaningless, i. e., why require advertisement for bids if there is no added requirement of acceptance of the lowest and best bid. It has been noted that the advertisement requirement and the bidding process

itself involves three important benefits: (a) an offering to the public, (b) an opportunity for competition and (c) a basis for exact comparison of bids. OAG 74–420. Consequently, the requirement of KRS 424.260 for advertisement by publication and competitive bidding satisfies these and other public goals, notwithstanding that the statute makes no provision for the award of contracts to the lowest and best bidder.

Even appellants must agree that public agencies and boards of the type to which attention is directed here are vested with discretion to accept other than the lowest bid in a given instance. It would be tantamount to authorizing judicial review in virtually every case where the lowest bid was not accepted if the mere claim that the contract-awarding public unit "failed to accept the lowest and best bid" was sufficient to sustain an action. As the previously cited cases demonstrate, the courts of Kentucky have expressly and intentionally limited their scope of review, i. e., jurisdiction, in this area. This is to avoid needless conflict, delay and interference with what are, and should be, essentially administrative decisions.

Insofar as a question of pleading is concerned, we think that actionable misconduct of the type under discussion should be pleaded with particularity in accordance with the provisions of CR 9. Nothing in the record or argument presented to us in this case suggests that appellants can, in good faith, plead facts sufficient to state a claim along those lines.

The judgment appealed from is affirmed.

All concur.