696 P.2d 475

RANCHERS EXPLORATION AND DEVELOPMENT CORP., a New Mexico corporation, and Chaco Energy Company, a New Mexico corporation, Plaintiffs-Appellants and Cross-Appellees,

v.

Robert H. MILES, d/b/a M & M Mining Company, an Individual, Defendant-Appellee and Cross-Appellant.

No. 15373.

Supreme Court of New Mexico.

Feb. 27, 1985.

Leo Romero, Albuquerque, for plaintiff-appellant and cross-appellee Ranchers.

Rodey, Dickason, Sloan, Akin & Robb, Rex Throckmorton, Albuquerque, for plaintiff-appellant and cross-appellee Chaco Energy.

Marchiondo & Berry, Douglas G. Voegler, Albuquerque, for defendant-appellee and cross-appellant.

## OPINION

STOWERS, Justice.

Ranchers Exploration and Development Corporation and Chaco Energy Company (Ranchers) appeal from a judgment awarding damages to Robert H. Miles, d/b/a M & M Mining Company (Miles), for lost profits resulting from a breach of contract and for severance taxes wrongfully withheld. Miles cross-appeals from the trial court's refusal to consider punitive damages. The judgment of the trial court is affirmed.

Ranchers presents the following issues on appeal: (1) proof of lost profits was speculative and not supported by the evidence; (2) the award of damages was excessive; and (3) the trial court misinstructed the jury concerning the rules of construction for ambiguous contracts. Miles presents the issue of whether the trial court erred in not submitting the issue of punitive damages to the jury.

The following facts are pertinent to this appeal. Ranchers drafted and entered into an operating agreement (the contract) with Miles for the mining of uranium ore. Under the contract, Miles would deliver raw ore to the surface of the mine, and Ranchers would sell the uranium ore for milling and account to Miles. Six months prior to the end of the contract, Miles requested an extension of the contract to prevent the need to mine all ore remaining in the mine prior to the end of the contract. Ranchers granted an extension of the contract and reduced the minimum rate of mining. With about one year remaining on the extended contract, Ranchers terminated the contract, citing an inability to obtain milling or processing for the uranium ore produced by Miles.

Thereafter, Ranchers filed this action seeking, in pertinent part, a declaration of the rights of the parties, and an accounting and payment for unpaid royalties or restitution for all uranium ore mined after the date of termination. Miles answered and filed a counterclaim seeking, in part, an accounting and damages for lost profits, and punitive damages. A jury trial was held, and Ranchers presented expert testimony that Miles suffered no more than $10,000 in lost profits. Miles testified and presented his computations indicating a lost net profit of $426,074. The trial court refused to submit the issue of punitive damages to the jury. The jury returned a verdict in favor of Miles for $200,000 in lost profits and $30,000 for wrongfully withheld severance taxes. Ranchers filed post-trial motions which were denied by the trial court.

Ranchers contends that the jury's award of damages for lost profits is erroneous because proof of historic profits is speculative and does not support the award. Although, on appeal, Ranchers disputed the amount of the damage award, it did not dispute its liability for breach of contract. Where a legal right to damages exists for breach of contract, the fact that lost profits may not be computed with exact mathematical certainty does not prevent the plaintiff from submitting the issue to the fact finder. *Acme Cigarette Services, Inc. v. Gallegos*, 91 N.M. 577, 577 P.2d 885 (Ct.App.1978). The pre-existing or historic profits of an established business, together with other facts and circumstances, may be considered in arriving at a just estimate of the profit lost as a result of the breach of contract. *J.R. Watkins Co. v. Eaker*, 56 N.M. 385, 392, 244 P.2d 540, 544 (1952) (quoting *Southwest Battery Corp. v. Owen*, 131 Tex. 423, 428, 115 S.W.2d 1097, 1099 (1938)). In cases where profit is the inducement to making a contract, damages for lost profits are allowed if proven, and such damages are defeated only where there is uncertainty as to the cause of damage rather than the amount of damage. *Id.* 56 N.M. at 393, 244 P.2d at 544–45 (quoting *Twyman v. Roell*, 123 Fla. 2, 6–8, 166 So. 215, 217–18 (1936)).

In this case, the profit received by Miles under the contract was his inducement for making the contract. Both

Ranchers and Miles presented evidence showing their respective analyses of the amount of profits lost by Miles as a result of the breach of contract. No evidence was presented showing a cause of damage other than the breach of contract. Evidence was presented showing that the mine was operated at a profit, and that profit increased during the approximately 22 month period of the operations. Ranchers did not object to Miles' testimony and the admission of his computation of damages, as speculative or otherwise. It is up to the jury to weigh the testimony, determine the credibility of witnesses, reconcile inconsistent or contradictory evidence, and say where the truth lies. *Durrett v. Petritsis*, 82 N.M. 1, 474 P.2d 487 (1970). The jury had substantial evidence before it and could believe the evidence and testimony presented by Miles without committing error. Thus, the jury's award of damages for lost profits was appropriate.

Also, we disagree with Ranchers' contention that the award of damages was excessive. This Court will not find an award of damages excessive except in extreme cases. *Wirth v. Commercial Resources, Inc.*, 96 N.M. 340, 630 P.2d 292 (Ct.App.), *cert. denied*, 96 N.M. 543, 632 P.2d 1181 (1981). On appeal, a jury award will not be set aside as excessive unless the award is not supported by substantial evidence, or the jury was swayed by passion or prejudice, or employed an incorrect measure of damages. *Id.* A damage award which is reasonably certain, supported by substantial evidence, and not based on speculation, will be upheld on appeal. *See Lovington Cattle Feeders, Inc. v. Abbott Laboratories*, 97 N.M. 564, 642 P.2d 167 (1982). As stated above, substantial evidence supports the damage award, and there is no indication that the jury was improperly swayed or employed an incorrect measure of damages. The jury's award of damages will not be disturbed.

Ranchers' contention that the trial court misinstructed the jury concerning the rules of construction for ambiguous contracts, is

incorrect. The jury was asked to decide which party was required to pay severance taxes under the contract. Instruction No. 2 instructed the jury to decide whether Ranchers' or Miles' interpretation of the contract was correct. Instruction No. 12, the challenged instruction, instructed the jury to determine the intent of the parties at the time the contract was made, and to construe any ambiguity against the party who drafted the contract. Instruction No. 30 instructed the jury to consider the instructions as a whole.

This Court examines and considers the instructions as a whole to determine their propriety. *American Telephone and Telegraph Co. v. Walker*, 77 N.M. 755, 427 P.2d 267 (1967). Ranchers, however, challenges Instruction No. 12 without consideration of the remainder of the instructions. Ranchers argues that if the jury decided the severance tax issue based upon Instruction No. 12, without prior or concurrent consideration of Instruction No. 2, then error occurred. Implicit in Ranchers' argument is the assumption that the jury may have ignored some instructions in favor of other instructions. Such an assumption is unwarranted and not based on the record. The jury was instructed to consider the instructions as a whole, and there is no indication that the jury did not do so. We find no error in the instructions to the jury.

Finally, we disagree with Miles' contention that the trial court erred in not submitting the punitive damages issue to the jury. Punitive damages are generally not awarded in breach of contract actions, unless there is a showing of malicious, fraudulent, or oppressive conduct by the wrongdoer, or conduct committed recklessly or with wanton disregard of the wronged party's rights. *Loucks v. Albuquerque National Bank*, 76 N.M. 735, 418 P.2d 191 (1966). None of the parties alleged fraud. After a review of the record, we agree with the trial court that the evidence does not rise to the level of being malicious, oppressive, or in wanton or reckless disregard of Miles' contract rights.

The trial court properly withheld the issue of punitive damages from the jury.

The trial court is affirmed.

IT IS SO ORDERED.

FEDERICI, C.J., and SCARBOROUGH, District Judge, concur.