780 P.2d 638

**James FOLEY and Maureen Foley, Plaintiffs–Appellees,**

v.

**Herbert D. HORTON and Roberta P. Horton, Defendants–Appellants.**

**No. 17640.**

Supreme Court of New Mexico.

Oct. 11, 1989.

Burroughs & Rhodes, F. Randolph Burroughs, Alamogordo, for defendants-appellants.

Durrett, Jordon & Durrett, P.C., Wayne A. Jordon, Alamogordo, for plaintiffs-appellees.

## OPINION

BACA, Justice.

Hortons appeal from the district court's judgment that they breached their contract to build Foleys' home. The court found the home was not built in a workmanlike manner, there were building code violations, and the home was structurally unsafe. The court awarded compensatory and puni-

tive damages. Hortons appeal both awards. We affirm.

Hortons challenge the court's award of compensatory damages with argument the court ignored evidence supporting Hortons' defenses of waiver and estoppel. Hortons fail to challenge the evidence on which the court found for Foleys, therefore conceding substantial evidence did exist to support the court's findings. SCRA 1986, 12–213(A)(3). As the trial court rejected Hortons' requested findings on waiver and estoppel, we interpret their argument to be there was not substantial evidence for the trial court to have found against waiver and estoppel. We have long held the substance of refused findings should be set forth in an appellant's brief. *Hugh K. Gale Post No. 2182 VFW v. Norris,* 53 N.M. 58, 201 P.2d 777 (1949). Where an appellant has made only a generalized attack, facts found by the district court become the basis upon which we decide the appellant's arguments. *Michael v. Bauman,* 76 N.M. 225, 413 P.2d 888 (1966).

Assuming, however, Hortons had properly set forth their rejected findings, we would still affirm. Hortons fail to allege facts to support an element of their estoppel theory, and there was substantial evidence in the record to negate Hortons' theory of waiver.

■ In order to show the judge erred in rejecting estoppel, Hortons had the burden of showing their reliance upon Foleys' acts. *See State Farm Mut. Auto. Ins. Co. v. Gonzales,* 83 N.M. 296, 491 P.2d 513 (1971). Yet, Hortons conceded at oral argument the lack of evidence of their reliance on Foleys' acts. All of Foleys' acts upon which Hortons claim they relied occurred after Hortons had breached the contract. Therefore, Hortons did not rely upon Foleys when Hortons breached the contract, and Foleys cannot now be estopped from bringing this action. We affirm the trial court's rejection of Hortons' requested finding on estoppel.

■ In order to recover under a theory of waiver, Hortons needed to show that Foleys were aware of the building defects in their home upon acceptance and took no action, thus arguably waiving their rights to cure or damages. Here, however, the defects included green timbers which rendered the house unstable as they dried and warped. These defects were not readily identifiable to the Foleys, but became known over time. We have previously held that if defects are latent, acceptance does not constitute waiver. *Pillsbury v. Blumenthal,* 58 N.M. 422, 272 P.2d 326 (1954); *Clear v. Patterson,* 80 N.M. 654, 459 P.2d 358 (Ct.App.1969). Since substantial evidence showed the defects in the house were latent, we affirm the trial court's rejection of Hortons' requested findings on waiver.

Hortons also challenge the punitive damages award. They do not attack either the amount awarded, or the substantial evidence upon which the trial court could have relied. Instead, Hortons allege wrongful acts by the Foleys and request this court to adopt a new test for punitive damages, weighing the prevailing party's alleged bad acts against those of the party against whom punitives are sought. Specifically, Hortons want this court to compare Hortons' admitted bad acts in building Foleys' home against alleged bad acts committed by Foleys after the house was built. When courts have been willing to examine actions of a party who was awarded punitive damages, however, they have only looked to prior or contemporaneous acts of provocation. *Ehrenfeld v. Webber,* 499 F.Supp. 1283, 1292 (D.Me.1980) (evidence of provocation as mitigating factor in considering wrongfulness of acts); *Farrell v. Kramer,* 159 Me. 387, 391, 193 A.2d 560, 562 (1963) (provocation as mitigating factor in slander action); *Stene v. Hillgren,* 78 S.D. 1, 6, 98 N.W.2d 156, 159 (1959) (all the circumstances, including parties' characters and evidence of provocation, may be considered at the time of an assault). Hortons cite no case in which a court considered the prevailing party's *subsequent* actions in order to reduce or nullify an award of punitive damages.

■ An award of punitive damages will be upheld for breach of contract only where the breach is maliciously intentional, fraudulent or oppressive, or committed

recklessly or with wanton disregard of rights of the party injured. *Ranchers Exploration & Dev. Corp. v. Miles,* 102 N.M. 387, 696 P.2d 475 (1985). Here, the trial court's findings indicated Hortons not only breached their contract, but attempted to deny Foleys the protection of state building code inspection by erecting and locking a gate at the building site. Hortons exposed Foleys to unnecessary risks both by doing wiring for which Horton was not licensed, and by using green timbers which dried and warped and caused the house to be structurally unsafe and a hazard to its occupants. These uncontested findings fully support the trial court's discretion to award punitive damages.

Hortons' final argument concerns alleged equal protection violations by the state's building code inspectors. They point to evidence suggesting non-uniform enforcement of provisions of the building code in their area. Evidence of violations by Hortons of certain provisions of the building code was introduced by Foleys to prove liability. In order to allege an equal protection violation under the fourteenth amendment, however, Hortons must allege that actions attributable to Foleys under the facts of this case amounted to constitutionally impermissible state action. *See, e.g., Flagg Brothers, Inc. v. Brooks,* 436 U.S. 149, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978); *see generally* L. Tribe, *American Constitutional Law,* ch. 18 (2d ed. 1988). Hortons failed to articulate such an allegation, nor is it clear how the actions of the state building code inspectors, even if attributable to the Foleys, would relieve Hortons of responsibility for their own actions. Where Hortons concede that they obstructed the inspectors' access to the construction site, they cannot now be heard to complain of unfair treatment. We find no merit in their argument.

IT IS SO ORDERED.

LARRABEE and MONTGOMERY, JJ., concur.